In the Matter of the Estate of OTTO OLIVER KOECHER, Deceased.

Surrogate's Court, New York County, January 15, 1934.

*Herman Wollitzer*, for the proponent.

*Bertram L. Kraus*, for the contestant.

*Nathan Abraham*, special guardian.

DELEHANTY, S. The instrument propounded contains an attestation clause subscribed by three witnesses. This clause is in the usual form reciting concurrent presence of testator and all witnesses. Concededly such concurrence of presence and action was in truth lacking and concededly, therefore, the attestation clause certifies to acts or circumstances which did not exist.

Apparently the fact is that testator procured the signatures of the subscribing witnesses successively at their respective places of business and with none but the testator and the respective witnesses present at such time. Such form of procurement of signature would be wholly consistent with a valid execution. Only one of the witnesses testifies that he knew the instrument to be a will. This witness was asked (as the others testified they had been

asked) to sign the paper without reading it or without knowledge
of its contents. He declined to do this and because of his refusal
to sign a paper of which he did not know the purport testator
gave him the paper to read and the witness ascertained that the
paper was decedent's intended will. The court holds that that
transaction constituted a sufficient publication of the will to this
particular witness.

One other of the witnesses testified explicitly and unqualifiedly
that when he signed the paper it bore no other signature. ·The
signature of this witness appears on the instrument opposite the
place where the instrument now bears testator's signature. The
witness could not have failed to see testator's signature had it
been on the instrument. It follows that the court must find that
the witness has testified falsely or it must find that proof of the
due execution of the instrument is not aided by the testimony
of this particular witness nor by the presence of his signature
thereon.

The third witness testified that the instrument when he signed it
was concealed by a newspaper except as to the places where he
inscribed his name. He, too, says that there was no publication
of it as a will. He says that he did not read the paper. He says
that he suspected the paper was a will and because he suspected it
to be such did not hesitate to put his name on it. He says he
asked decedent what he was signing and decedent made only
some jesting reply.

Assuming that the recital of the testimony thus made truly
reports the transactions of decedent and the witnesses in respect of
the instrument propounded, it is plain that there was no execution
of the paper such as is required by the statute. Counsel for
proponent urges that there is before the court sufficient to warrant
a finding that the witnesses have conspired with the family of
decedent to destroy the will. The courts are astute to prevent
the consummation of such conspiracies and are not helpless merely
because witnesses testify against due execution. (*Trustees of
Auburn Seminary* v. *Calhoun*, 25 N. Y. 422, and note thereto.)

Here, however, the propounded paper is not aided by proof of
joint presence of decedent and the witnesses. There is no circum-
stance which negatives the explicit testimony negativing due
execution. There is, it is true, an attestation clause but it con-
cededly does not truly report the transactions. There is nothing
else. Either the court must hold that three business men not
related in blood to decedent or to any member of his family have
perjured themselves upon this hearing in pursuance of a conspiracy
to destroy this will or in the alternative the court must hold that

the statutory requirements of due execution were not pursued and that the propounded paper is not the will of decedent.

After hearing the witnesses the court is not willing to indulge in the first presumption and accordingly determines that the instrument is not entitled to probate.

Submit decree accordingly.